IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

FREDDIE L. YELVERTON,  *

   Plaintiff,  *

      v.  *   2:11-CV-394-TMH
                                     (WO)
DENNIS MEEKS, *et al.*,  *

   Defendants.  *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, an inmate incarcerated at the Covington County Jail, challenges the provision of medical care at the facility, his ability to access the library, jail officials interference with legal mail, and various conditions of confinement. Named as defendants are Sheriff Dennis Meeks, Preston Hughes, Southern Health Partners, the Covington County Jail, and Covington County. Plaintiff seeks injunctive relief and monetary damages.

Upon review of the complaint, the court concludes that Plaintiff's claims against the Covington County Jail, Covington County, and Southern Health Partners are due to be dismissed prior to service pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure

## I. DISCUSSION

*A. The Covington County Jail*

The Covington County Jail is not a legal entity subject to suit or liability under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims for relief against this defendant is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 US. 319 (1989).

*B. Covington County, Alabama*

Plaintiff names Covington County as a defendant to this action. To the extent Plaintiff maintains that Covington County is liable to him under 42 U.S.C. § 1983 for the actions of the Sheriff of the Covington County Jail in the daily operation of the jail, he is entitled to no relief. "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.' *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (citing *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998). In deciding whether a county and/or its commissioners is liable under § 1983, "[a] court's

---

requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785 (1997) (quoting *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989)). "[A]n Alabama sheriff acts exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288.[2]

As is clear from the foregoing, "Alabama sheriffs are not county policymakers in their daily management of county jails." *Turquitt*, 137 F.3d at 1292. "For § 1983 liability to attach to a county [and/or its commission], the policy at issue must have been made by a person who exercises final authority on behalf of the county with respect to that policy. *See McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736. Alabama law, however, clearly demonstrates that sheriffs possess only state policymaking authority when running the day-to-day affairs of a jail. *See Turquitt*, 137 F.3d at 1291-92." *Vinson v. Clarke County*, 10 F. Supp.2d 1282, 1295-1296 (S.D. Ala. 1998). Furthermore, governmental entities, such as Covington County, cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat*

---

[2]. Under all facets of Alabama law, a county sheriff acts as a state officer "when supervising inmates and otherwise operating the county jails." *Turquitt*, 137 F.3d at 1289; *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama" and as such "is not an employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (a sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto."); *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority over the jail is totally independent of the [county commission].)"

superior. *See Monell,* 436 U.S. at 694. Instead, such entities may be held liable only for the execution of a governmental policy or custom. *Id.; see also Canton v. Harris,* 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." (emphasis in original)). It is well-settled that an entity can be held monetarily liable only through " 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,' " or " 'for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking body.' " *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121 (1988) (quoting *Monell,* 436 U.S. at 690-91).

In light of the foregoing, the court concludes that Covington County, Alabama, is not liable under § 1983 for the actions about which Plaintiff complains. The claims against this defendant are, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

C. *Southern Health Partners*

Plaintiff names Southern Health Partners as a defendant. He alleges in his complaint that he is being denied certain medical devices which he needs for stability including a cane and special shoes.

The court understands Plaintiff's claim against defendant Southern Health Partners

4

to be a claim that it is responsible for the care and treatment of inmates incarcerated at the Covington County Jail. In a § 1983 action, the corporate medical provider for prison inmates cannot be held liable for the acts of its employees. *See Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986); *accord Buckner v. Toro*, 116 F.3d 450, 452-53 (11th Cir. 1997) (finding that § 1983's municipality law is to be applied to a corporate medical provider)*; see Monell*, 436 U.S. at 691 ( a municipality cannot be held liable in a § 1983 action under the theory of *respondeat superior* simply because it employs a tortfeasor). A corporate medical provider can only be held liable if its policy or procedures caused the constitutional deprivation. *Ort*, 786 F.2d at 1107; *see Monell*, 436 U.S. at 694.

Upon review of Plaintiff's allegation concerning his ability to receive certain medical devices, it appears that this claim makes reference to actions taken by individuals at the jail. The court finds no policy that can be inferred from the alleged actions or inactions of unidentified employees with respect to Plaintiff's complaint regarding the provision of medical care at the Covington County Jail. *See Peterson v. Atlanta Housing Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [plaintiff]."). Consequently, the court finds that Plaintiff's claim against Defendant Southern Health Partners is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Covington County Jail be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's claims against Covington County, Alabama, and Southern Health Partners be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Defendants Covington County Jail, Covington County, Alabama, and Southern Health Partners be DISMISSED as parties to this cause of action; and

4. This case with respect to Plaintiff's claims against the remaining defendants be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before **July 25, 2011** the parties are DIRECTED to file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of July, 2011.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE